UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KARL W. BARTLESON, JR., a/k/a Carl W. Bartleson, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:19-CV-281-CHB |
| V. | ) ) | |
| SERGEANT S. PARKER and OFFICER J. BAILEY, | ) ) ) | **OPINION & ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Karl W. Bartleson, Jr., has filed a *pro se* civil rights complaint pursuant to 42 U.S.C.

§ 1983. Bartleson is an inmate who was previously held in the custody of the Fayette County

Detention Center ("FCDC") in Lexington, Kentucky pending trial on federal charges. Bartleson

alleges that two FCDC officers "strip" searched him and twelve other inmates as a group in

violation of his constitutional rights. [R. 1] The Court has reviewed the complaint,[1] but

concludes that it must be dismissed for the reasons stated below.

From November 2017 through October 2018, Bartleson was held at FCDC as a pretrial

detainee. On October 11, 2018, a jury convicted him of several federal drug trafficking charges

following a three-day trial. *United States v. Bartleson*, No. 5: 17-CR-124-KKC (E.D. Ky. 2017);

---

[1] The Court reviews complaints filed by all plaintiffs proceeding as paupers, 28 U.S.C.
§ 1915(e)(2), and prisoners suing government officials, 28 U.S.C. § 1915A. The Court must
dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be
granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*,
630 F. 3d 468, 470-71 (6th Cir. 2010). During this review the Court accepts all of Bartleson's
non-conclusory factual allegations as true and liberally construes legal claims in his favor. *Davis
v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The description of events that
follows sets out Bartleson's allegations as fact.

[R. 1, 76-84 therein]  Two weeks later on October 23, 2018, Officer J. Bailey "strip" searched Bartleson and twelve other inmates in full view of each other and a security camera. [R. 1 at 2, 3; R. 1-1 at 5]  Sergeant S. Parker, Bailey's supervisor, either participated directly in the search and/or was negligent in his supervision of Bailey. *Id.*; [R. 1-1 at 4-5]  A female officer, Ms. Williams, was present after the search. [R. 1-1 at 5]  Bartleson felt humiliated and experienced "emotional anguish and distress" as a result. [R. 1-1 at 5, 6]  Bartleson filed a grievance regarding the incident and FCDC determined that the officers violated jail policy regarding inmate searches. [R. 1 at 6; R. 1-2 at 2]  Citing several cases from the Sixth Circuit, including *Salem v. Mich. Dep't of Corr.*, 643 F. App'x 526, 530 (6th Cir. 2016) ("... this court has held that strip searches performed in view of other inmates without a legitimate penological justification violates inmates' clearly established Fourth Amendment rights."), Bartleson contends that the officers violated his rights under the Fourth and Eighth Amendments and seeks compensatory and punitive damages. [R. 1 at 4, 8]

The Court will dismiss the complaint for two reasons.  First, Bartleson failed to properly exhaust his administrative remedies.  Federal law requires an inmate to exhaust his administrative remedies by fully utilizing the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  Bartleson did file an inmate grievance regarding the search.[2] [R. 1-3 at 3]  But that grievance complained only that the search was conducted in front of a security camera; it did not allege or complain that it was conducted

---

[2]  Bartleson did not appeal further after his initial grievance was considered "founded" at the initial level of review.  The Court does not address whether that failure also rendered his claims unexhausted.

in front of other inmates. *Id.* While a grievance need not assert particular legal theories for relief, it must advise prison officials of the facts upon which the grievance is based. *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (".... In order to exhaust, therefore, inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures."); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("... a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."). And filing a grievance about the presence of a *camera* during the search does not suffice to exhaust a claim based upon the presence of *other inmates* during the search, a wholly different complaint about the manner in which the search was conducted. *Johnson v. Woodford*, No. CV 04–05995–GHK, 2010 WL 4007308, at *4 (C.D. Cal. April 20, 2010) ("Where one set of facts and circumstances gives rise to more than one potential claim, the plaintiff cannot exhaust all of the potential claims by merely exhausting one such claim."). Here, Bartleson's failure to even mention in his grievance that he was "strip" searched in front of other inmates renders his present claim in that regard unexhausted. *Johnson v. Johnson*, 385 F.3d 503, 517–18 (5th Cir. 2004) (inmate who exhausted claim that he was assaulted based upon his sexual orientation could not pursue claim that the same assault was based upon his race where not mentioned in grievance); *Valienterbanales v. Robinson*, No. 7:06cv00327, 2006 WL 1540995, at *1-2 (W.D. Va. May 31, 2006) (prisoner's grievance requesting reinstatement to prior job failed to exhaust claim that he was terminated in the first instance on account of his race). Because Bartleson's grievance did not give prison officials notice of the conduct about which he now complains, his claims are unexhausted and must be dismissed. *Pruitt v. Holland*, No. 10-CV-111-HRW, 2011 WL 13653, at *4-6 (E.D. Ky. Jan. 4, 2011).

Second, while Bartleson alleges that he was humiliated and embarrassed by the search, he does not allege that he suffered any physical injury as a result. Federal law bars damage claims asserted by prisoners for purely emotional harm. 28 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The statute prohibits a constitutional claim arising from a "strip" search where the search does not cause physical injury. *Jackson v. Herrington*, 393 F. App'x 348, 354-55 (6th Cir. 2010) ("... absent injury related to the strip search, his Eighth Amendment claim is not cognizable under § 1997e(e)."); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (same); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (same). While the humiliation Bartleson may have suffered is regrettable, federal law provides that it is not a sufficient foundation upon which to base a claim under § 1983.

Accordingly, it is **ORDERED** as follows:

1.      The Court **DISMISSES** Bartleson's complaint [**R. 1**], **WITH PREJUDICE**.

2.      The Court **STRIKES** this matter from the active docket.

This the 15th day of August, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

4